1  Peter Susi, State Bar No. 62957         (SPACE BELOW FOR FILING STAMP ONLY)
   Email: psusi@hbsb.com
2  Jonathan G. Gura, State Bar No. 214240
   Email: jgura@hbsb.com
3  **HOLLISTER & BRACE**
   1126 Santa Barbara Street
4  Santa Barbara, CA  93101
   Telephone:   (805) 963-6711
5  Facsimile:    (805) 965-0329

6  Attorneys for Debtors and Debtors-in-Possession

7

8              UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION

10

11  In re                          )  BK No. 9:14-bk-10379-PC
                                   )
12  ROBERT LEE RAINS and           )  Chapter 11
    BETTY SUE RAINS,               )
13                                 )
             Debtors.              )  NOTICE OF HEARING AND
14                                 )  RESPONSE TO DAVID BLACKBURN'S
                                   )  OPPOSITION TO APPLICATION TO
15                                 )  EMPLOY J. EDUARDO PINEDA
                                   )  MARTINEZ AS SPECIAL COUNSEL
16                                 )  TO DEBTORS AND DEBTORS-IN-
                                   )  POSSESSION; AND DECLARATION
17                                 )  OF ROBERT RAINS
                                   )
18                                 )
                                   )  Hearing:
19                                 )  Date:   August 27, 2014
                                   )  Time:   9:30 a.m.
20                                 )  Place:  1415 State Street
                                   )          Courtroom 201
21                                 )          Santa Barbara, CA

22

23

24

25

26

27

28

- 1 -

## 1. Introduction

Robert Lee Rains and Betty Sue Rains, debtors and debtors-in-possession (the "Debtors"), own real property in Cabo San Lucas, Mexico (the "Mexico Property") and entered into an agreement to sell the property to David Blackburn prepetition. Postpetition the sale was approved by the court pursuant to section 363 of the Bankruptcy but Blackburn failed to close according to the agreement, thus forfeiting his deposits. Blackburn filed an adversary complaint in the bankruptcy case in an apparent attempt to recover the deposits, and has threatened to sue the Debtors in Mexico to block the sale of the Mexico Property to another buyer. In the meantime, the Debtors have entered into an agreement to sell the property to another buyer.

In order to facilitate the sale of the Mexico Property and to deal with possible litigation with Blackburn in Mexico, the Debtors require the services of attorney J. Eduardo Pineda Martinez ("Martinez") and his law firm, PMLawBaja, S.C. ("PMLaw"). The Debtors filed an application to employ Martinez and PMLaw, and Blackburn filed the only objection. Pursuant to Local Bankruptcy Rules 2014-1(b)(5) and 9013-1(o)(4), the Debtors set a hearing on the application for the above time and place, and hereby respond to Blackburn's objection as follows:

## 2. Background

### a. Debtors' Relationship with Martinez

Martinez is a licensed attorney in Mexico with a legal practice in Cabo San Lucas, San Jose del Cabo, La Paz and Loreto, Baja California Sur. He has practiced for seventeen

years and has extensive experience representing businesses and individuals in Baja California Sur and has offices in San Jose del Cabo, La Paz and Loreto.

The Debtors founded, operated, and in 2005, sold, a marine chandlery business in Baja California, Mexico. Following the sale of the business, the Debtors retained a minority interest in the business and real estate upon which the business operated. Following the sale of the business, the Debtors spent less and less time in Mexico, and needed someone on site to look after the Mexico Property in their absence to ensure that it was adequately maintained and to deter vandals. The Debtors also needed someone in Mexico to attend to issues with local governmental authorities and the Mexico Property's homeowners association.

The buyer of the marine chandlery business referred the Debtors to Martinez, his attorney. After discussing the Debtors' needs and visiting the Mexico Property, Martinez and the Debtors agreed that Martinez would serve as the property manager of the property in exchange for the right to use the Mexico Property's execute office, which has a separate entry from the rest of the house. In addition, Martinez would share in the cost of utilities and out-of-pocket maintenance expenses. At this point Martinez's services were primarily as a property manager and as the Debtors' trusted local set of eyes and ears to watch over the Mexico Property.

**b.  Debtors' Dispute with Blackburn**

In September 2013, the Debtors entered into an agreement to sell the Mexico Property to Blackburn. Under the Offer to

Purchase, Blackburn was obligated to close the sale by December 11, 2013. Blackburn failed to close by December 11, but offered to pay additional non-refundable deposits to extend the closing date. In January 2014, Blackburn signed an amendment to the purchase agreement requiring him to pay additional non-refundable deposits, extending the closing date to no later than May 21, 2014, and requiring that Blackburn pay all expenses associated with the Mexico Property beginning January 1, 2014.

In January 2014 and thereafter, Blackburn failed to pay expenses he was required to pay under the agreement such as water, electricity, landscaping, pool service, housekeeping, and maintenance. To prevent the electricity from being shut down, and to ensure the continued welfare of the Mexico Property, Martinez paid all of the expenses that Blackburn was obligated but failed to pay after January 1, 2014.

On February 27, 2014, the Debtors filed this chapter 11 bankruptcy case, and on March 31, 2014, the Debtors filed a motion pursuant to section 363 of the Bankruptcy Code for authority to sell the Mexico Property to Blackburn pursuant to the terms of the Offer to Purchase and the January Amendment, which the court granted. The order authorized the Debtors to use certain funds paid by Blackburn and held by counsel for the Debtors to pay expenses necessary to close the sale to Blackburn. At that time, the Debtors reimbursed Martinez for the expenses he incurred as a result of Blackburn's failure to pay post January 1 expenses and to get the property ready to close on May 21, 2014. Blackburn was once again unable to

-4-

close and defaulted under the Offer to Purchase and the January Amendment.

On June 2, 2014, Blackburn filed an adversary complaint in the bankruptcy case against the Debtors asserting that the non-refundable deposits paid to the Debtors are non-dischargeable debts pursuant to Section 523 of the Bankruptcy Code. Blackburn also threatened to sue the Debtors in Mexico to prevent the Debtors from selling the Mexico Property to another buyer.

    **c.**    **The Debtors' Need for Martinez**

On July 30, 2014, Lisa Clapier delivered to the Debtors a short memorandum agreement to purchase the Mexico Property for $2,200,000. A copy of the agreement is attached to the declaration of Robert Rains as Exhibit "A." A more formal agreement will be signed within days.

In order to close the Clapier transaction, the Debtors require the services of an attorney in Cabo San Lucas. Furthermore, in an effort to prevent the Debtors from selling the Mexico Property, Blackburn recently filed a document with the public registrar in Mexico clouding title. To address the issue of clouded title and assist in the potential sale of the property, the Debtors determined that they needed the services of an attorney in Mexico. The Debtors further determined that Martinez is the person most capable and qualified for engagement. Accordingly, the Debtors entered in a retention agreement with Martinez for legal services and filed an application with the court for authority to employ Martinez as special counsel to the estate in Mexico.

As was stated in the application, the Debtors believe that Martinez and PMLaw possess the requisite expertise, integrity, skill, and intelligence to properly perform the professional services required by the Debtors, and that retention of the PMLaw as special counsel to Debtors is necessary and beneficial to the estate.  PMLaw has a history of dealing with Debtors' properties and knows the legal issues.

3.  **Martinez Does Not Hold An Interest Adverse To The Estate**

The Debtors propose to engage Martinez as special counsel to the estate, for the specified purpose of assisting the Debtors with the sale of the Mexico Property.  Section 327(e) does not require special counsel to be "disinterested;" rather, an attorney who represents a debtor-in-possession or trustee as special counsel merely must hold or represent no interest adverse to the estate "<u>with respect to the matter on which such attorney is to be employed.</u>"  11 U.S.C. § 327(e) (emphasis added).

Martinez does not hold or represent an interest that is adverse to the estate with respect to the sale of or litigation concerning the Mexico Property.  Blackburn argues that because Martinez paid expenses for the Mexico Property, he holds an interest adverse to the estate.  This misstates the law.  First, Martinez does not have a claim against the estate because he has been reimbursed for all expenses paid by him following the court order authorizing the payment of expenses necessary to close the sale.  Second, even if Martinez held a claim against the estate, he would not be disqualified from representing the estate as special counsel.  In re Albert, 206

-6-

1  B.R. 636, 642 n.7 (Bankr. D. Mass. 1997) ("Although the Court
2  has found that [attorney] holds a prepetition claim, he may
3  still be employed [as special counsel]. The disinterestedness
4  requirement contained in § 327(a) is not applicable to [special
5  counsel]."). Here, Martinez does not hold any or represent any
6  interest adverse to the estate, and he certainly does not hold
7  an interest adverse to the estate with respect to the matters
8  for which he is retained. For the reasons set forth herein,
9  the court should grant the Debtors application authorizing them
10 to employ Martinez and PMLaw as special counsel for the
11 purposes and upon the conditions set forth in the application.

DATED: Aug 7, 2014        HOLLISTER & BRACE
                          A Professional Corporation

                          By: /s/ Peter Susi
                          PETER SUSI
                          Attorneys for Debtors and
                          Debtors-in-Possession

## DECLARATION OF ROBERT RAINS

I, Robert Rains, declare as follows:

1. My wife, Betty Sue Rains, and I are the Debtors and Debtors-in-Possession herein.

2. I have personal knowledge of the facts stated herein and am competent to testify thereto.

3. My wife and I commenced this case by filing a voluntary Chapter 11 petition on February 27, 2014. No trustee has been appointed by the Court, and we remain as debtors-in-possession.

4. My wife and I own real property in Cabo San Lucas, Mexico (the "Mexico Property") and entered into an agreement to sell the property to David Blackburn prepetition.

5. Postpetition the sale was approved by the court pursuant to section 363 of the Bankruptcy but Blackburn failed to close according to the agreement, thus forfeiting his deposits.

6. Blackburn filed an adversary complaint in the bankruptcy case in an apparent attempt to recover the deposits, and has threatened to sue us in Mexico to block the sale of the Mexico Property to another buyer.

7. In the meantime, my wife and I have entered into an agreement to sell the property to another buyer.

8. In order to facilitate the sale of the Mexico Property and to deal with possible litigation with Blackburn in Mexico, we require the services of attorney, J. Eduardo Pineda Martinez ("Martinez") and his law firm, PMLawBaja, S.C. ("PMLaw").

-8-

9. Martinez is a licensed attorney in Mexico with a legal practice in Cabo San Lucas, San Jose del Cabo, La Paz and Loreto, Baja California Sur. It is my understanding and belief that he has practiced for seventeen years and has extensive experience representing businesses and individuals in Baja California Sur and has offices in San Jose del Cabo, La Paz and Loreto.

10. I founded, operated, and in 2005, sold, a marine chandlery business in Baja California, Mexico. Following the sale of the business, my wife and I retained a minority interest in the business and real estate upon which the business operated.

11. Following the sale of the business, my wife and I spent less and less time in Mexico, and needed someone on site to look after the Mexico Property in our absence to ensure that it was adequately maintained and to deter vandals.

12. We also needed someone in Mexico to attend to issues with local governmental authorities and the Mexico Property's homeowners association.

13. The buyer of the marine chandlery business referred me to Martinez, his attorney. After discussing our needs and visiting the Mexico Property, Martinez and I agreed that Martinez would serve as the property manager of the property in exchange for the right to use the Mexico Property's execute office, which has a separate entry from the rest of the house. In addition, Martinez would share in the cost of utilities and out-of-pocket maintenance expenses. At this point Martinez's services were primarily as a property manager and as our

trusted local set of eyes and ears to watch over the Mexico Property.

14. In September 2013, my wife and I entered into an agreement to sell the Mexico Property to Blackburn. Under the Offer to Purchase, Blackburn was obligated to close the sale by December 11, 2013. Blackburn failed to close by December 11, but offered to pay additional non-refundable deposits to extend the closing date.

15. In January 2014, Blackburn signed an amendment to the purchase agreement requiring him to pay additional non-refundable deposits, extending the closing date to no later than May 21, 2014, and requiring that Blackburn pay all expenses associated with the Mexico Property beginning January 1, 2014.

16. In January 2014 and thereafter, Blackburn failed to pay expenses he was required to pay under the agreement such as water, electricity, landscaping, pool service, housekeeping, and maintenance. To prevent the electricity from being shut down, and to ensure the continued welfare of the Mexico Property, Martinez paid all of the expenses that Blackburn was obligated but failed to pay after January 1, 2014.

17. On February 27, 2014, my wife and I filed this chapter 11 bankruptcy case, and on March 31, 2014, we filed a motion pursuant to section 363 of the Bankruptcy Code for authority to sell the Mexico Property to Blackburn pursuant to the terms of the Offer to Purchase and the January Amendment, which the court granted.

18. The order authorized our bankruptcy counsel to release to us certain funds paid by Blackburn and held in trust by counsel to pay expenses necessary to close the sale to Blackburn. At that time, we reimbursed Martinez for the expenses he incurred as a result of Blackburn's failure to pay post January 1 expenses and to get the property ready to close on May 21, 2014. Blackburn was once again unable to close and defaulted under the Offer to Purchase and the January Amendment.

19. On June 2, 2014, Blackburn filed an adversary complaint in the bankruptcy case against us asserting that the non-refundable deposits are non-dischargeable debts pursuant to Section 523 of the Bankruptcy Code. Blackburn also threatened to sue us in Mexico to prevent us from selling the Mexico Property to another buyer.

20. On July 30, 2014, Lisa Clapier delivered to me a short memorandum agreement to purchase the Mexico Property for $2,200,000. A copy of the agreement is attached hereto as Exhibit "A." A more formal agreement will be signed within days.

21. In order to close the Clapier transaction, we require the services of an attorney in Cabo San Lucas. Furthermore, in an effort to prevent us from selling the Mexico Property, Blackburn recently filed a document with the public registrar in Mexico clouding title. To address the issue of clouded title and assist in the potential sale of the property, my wife and I determined that we need the services of an attorney in Mexico. We further determined that Martinez is the person most

capable and qualified for engagement. Accordingly, we entered in a retention agreement with Martinez for legal services and filed an application with the court for authority to employ Martinez as special counsel to the estate in Mexico.

22. As was stated in the application, we believe that Martinez and PMLaw possess the requisite expertise, integrity, skill, and intelligence to properly perform the professional services required by us, and that retention of the PMLaw as special counsel is necessary and beneficial to the estate. PMLaw has a history of dealing with our properties and knows the legal issues.

23. Martinez has been reimbursed for all expenses paid by him following the court order authorizing the payment of expenses necessary to close the sale.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of August, 2014, at Santa Barbara, California.

_____
ROBERT RAINS

## Offer to Purchase Casa Fina
## A Pedregal Property in Cabo San Lucas Mexico

This offer to purchase is made this 30th day of ~~so~~ July 2014, by Lisa Clapier or assigns:_____ (BUYER) and Robert and Betty Rains (SELLER).

Buyer wishes to purchase the property known as Casa Fina, located at 25 Cerrada Del Sol Pedregal, Cabo San Lucas B.C.S. Mexico.

Buyer wishes to purchase the property as an LLC or have it transferred to an Nevada LLC at closing of escrow.

Buyer acknowledges that this purchase is subject to approval of the Federal Bankruptcy Court. No expenditures shall be made until approval is granted. A Closing date will be established once approval is granted, and a formal Purchase Agreement is signed by both parties.

This is all cash offer of $2,200,000.00 us.

This offer is subject to Buyer and Seller formalizing a Purchase Agreement that is suitable to the laws of Mexico, and to Buyer and Seller agreeing on the condition and repairs needed on the property at time of closing.

A $50,000.00us deposit will be made at time of signing or within 10 days thereof. Deposit shall be held in escrow with an Escrow Company and Closing Company, mutually agreeable to both parties. A final payment will be made at closing of $2,150,000.00 us. Buyer will pay escrow fees, as Mexican Law requires.

Seller shall warrant that there are no debts, liens, or encumbrances at the time of closing. All taxes, HOA fees, and utilities will be pro-rated at time of closing.

BUYER
*Lisa Clapier* (signature)
Lisa Clapier

_____

Date: July 30, 2014

SELLERS
*Robert Rains* (signature)
Robert Rains

*Betty Rains* (signature)
Betty Rains

Date: 7-29-14

13

# EXHIBIT "A"

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1126 Santa Barbara Street
Santa Barbara, CA 93101

A true and correct copy of the foregoing document entitled (*specify*): <u>NOTICE OF HEARING AND RESPONSE TO DAVID BLACKBURN'S OPPOSITION TO APPLICATION TO EMPLOY J. EDUARDO PINEDA MARTINEZ AS SPECIAL COUNSEL TO DEBTORS AND DEBTORS-IN-POSSESSION</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 7, 2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) August 7, 2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) August 7, 2014, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Via Personal Delivery
The Honorable Peter Carroll
U.S. Bankruptcy Court
1415 State Street
Santa Barbara, CA 93101

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 7, 2014 | Kimberlie Wagemann-Cordero | /s/ Kimberlie Wagemann-Cordero |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                     **F 9013-3.1.PROOF.SERVICE**

## SERVICE LIST
Robert Lee and Betty Sue Rains
Chapter 11 Case No.: 9:14-bk-10379-PC

| SERVED ELECTRONICALLY | SERVED BY U.S. MAIL |
|---|---|
| Brian D Fittipaldi brian.fittipaldi@usdoj.gov<br>Jonathan Gura jon@susigura.com, kim@susigura.com<br>Yvonne Ramirez-Browning BANKRUPTCYCLS@wellsfargo.com, BANKRUPTCYCLS@wellsfargo.com<br>Vincent Renda vr@rendalawoffices.com, ld@rendalawoffices.com<br>Joseph M Sholder sholder@g-tlaw.com<br>Ramesh Singh claims@recoverycorp.com<br>Diane F Suchter ojailaw@verizon.net<br>Peter Susi kim@susigura.com, peter@susigura.com<br>United States Trustee (ND) ustpregion16.nd.ecf@usdoj.gov<br>Gilbert R Yabes ch11ecf@piteduncan.com; GRY@ecf.inforuptcy.com | **Debtors**<br>Robert Lee Rains and<br>Betty Sue Rains<br>12147 Old Walnut Road<br>Ojai, CA 93023 |